IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRENCE BUCHANAN,

                Petitioner,            OPINION AND ORDER

v.

                                          24-cv-681-wmc

ROBERT MILLER,[1]

                Respondent.

---

Petitioner Terrence Buchanan, a state inmate who represents himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2023 conviction from Dane County. (Dkt. #1.) He then filed an amended petition at the court's request. (Dkt. #7.) The court must review the petition and dismiss the action under Rule 4 of the Rules Governing Section 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. After considering the amended petition and supporting memorandum, the court will dismiss this action for reasons explained below.

PROCEDURAL HISTORY

A jury found Buchanan guilty in Dane County Circuit Court Case No. 2023CF1576 of the following offenses: (Count One) misdemeanor possession of drug paraphernalia; (Count Two) misdemeanor possession of THC; (Count Three) felony possession of

---

[1] Petitioner lists several state court judges and a state's attorney as respondents. Because petitioner is confined by the Wisconsin Department of Corrections at Racine Correctional Institution, Warden Robert Miller is the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts, and the clerk's office is directed to correct the caption accordingly.

cocaine; (Count Four) felony possession of narcotic drugs; and (Count Five) possession of a firearm as a previously convicted felon. Court records reflect that the trial court sentenced Buchanan on December 5, 2023, to 30 days in the Dane County Jail on Count One and 6 months in the Dane County Jail on Count Two. On Counts Three and Four, the trial court sentenced Buchanan to two years in state prison, bifurcated into one year of initial confinement and one year of extended supervision. On Count Five, the trial court sentenced Buchanan to five years in state prison, bifurcated into two years' initial confinement and three years of extended supervision. All counts were set to run concurrently, but consecutive to another sentence that Buchanan received previously in another case.

Buchanan did not file a motion for post-conviction relief or direct appeal. Instead, he filed a petition for a "supervisory writ" with the Wisconsin Supreme Court, which was summarily denied on February 22, 2024.

On September 30, 2024, Buchanan filed his federal habeas corpus petition to challenge his conviction in Case No. 2023CF1576 (dkt. #1), and he subsequently filed an amended petition on January 6, 2025, along with a supporting memorandum. (Dkt. ##7-8.) Although it is not entirely clear from the amended petition, it appears that Buchanan seeks relief on the following issues that he raised in his petition for a supervisory writ:

1. Whether he was entitled to dismissal without prejudice under *State v. Woehrer*, 83 Wis. 2d 696, 266 N.W.2d 366 (1978) based on a failure to serve a copy of an information on him.
2. Whether the state's failure to properly serve him with an information could warrant dismissal on "'Jeopardy' grounds."
3. Whether Wis. Stat. § 341.29 (1m)(a) is unconstitutional as applied to him.

2

4. Whether Wis. Stat. § 961.573(1), Wis. Stat. § 961.41(3g)(e) and Wis. Stat. § 961.41(3g) are unconstitutional as applied to him.

5. Whether he was entitled to possess a firearm in self-defense under the "*Coleman* Rule" found in *State v. Coleman*, 206 Wis. 2d 199, 556 N.W. 2d 701 (1996).

6. Whether the trial court violated "several mandatory or plain duties" articulated in Wisconsin Supreme Court Rules Chapter 60 Code of Judicial Conduct, depriving Buchanan of unspecified substantive and procedural due process rights.

7. Whether the trial court's violations resulted in the deprivation of rights created under the Wisconsin Constitution Article 1, sections 7, 8, 9, and 11, as well as the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

8. Whether the state's attorney violated "several mandatory or plain duties" articulated in Wisconsin Supreme Court Rules Chapter 20 Rules of Professional Conduct for Attorneys, depriving Buchanan of unspecified substantive and procedural due process rights.

9. Whether the violations committed by the state's attorney resulted in the deprivation of rights created under the Wisconsin Constitution Article 1, sections 7, and 8, as well as the Fourteenth Amendment to the United States Constitution.

10. Whether the Wisconsin Supreme Court violated his rights under the Article 1 § 9 of the Wisconsin Constitution and the Fourteenth Amendment to the United States Constitution.

(Dkt. #8, at 6-8.)

OPINION

To begin, Buchanan has failed to heed the court's instruction to provide specific facts in support of each claim for relief. (Dkt. #6.) Section 2254 petitions must satisfy "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). As explained to Buchanan previously, Rule 2(c) of the Rules Governing Section 2254 Cases requires a state prisoner seeking relief under 28 U.S.C. § 2254 to, at a minimum: (1) "specify all the grounds for relief available to the petitioner" and (2) "state the facts

3

supporting each ground." Buchanan has not satisfied this requirement.

Lack of supporting facts is not Buchanan's only problem. Several of Buchanan's claims assert, at most, a violation of state law. A federal writ of habeas corpus is not available to a state prisoner unless he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); 28 U.S.C. § 2241(c)(3). The United States Supreme Court has held "many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Buchanan's claims based on violations of state law are not actionable in a federal habeas corpus proceeding.

More importantly, it is evident from the pleadings that Buchanan did not exhaust available state court remedies before seeking federal review. A state prisoner seeking a writ of habeas corpus *must* exhaust state court remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1); *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). The exhaustion requirement is based on principles of comity, which require a habeas petitioner to present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). The exhaustion requirement is not satisfied unless the prisoner has fairly and properly presented his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson*, 745 F.3d at 268; *see also*

4

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The procedures governing the review of Wisconsin criminal convictions are set forth in Wis. Stat. §§ 974.02 and 974.06. After a conviction in a Wisconsin circuit court, a defendant's first avenue of relief is a postconviction motion under § 974.02. This motion is filed in the trial court in which the conviction was entered. Arguments concerning sufficiency of the evidence or issues previously raised before the trial court need not be raised in this motion in order to preserve the right of appeal with respect to them. *See* Wis. Stat. § 974.02(2); *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136, 137 n. 3 (1996). Any other claim, such as ineffective assistance of counsel, must first be brought in a § 974.02 motion. *See State v. Waites*, 158 Wis. 2d 376, 462 N.W.2d 206, 213 (1990) (holding ineffective assistance of counsel claim waived because it was not first raised in a postconviction hearing before the trial court); *Rothering*, 556 N.W.2d at 137 (same); *State v. Hayes*, 167 Wis. 2d 423, 481 N.W.2d 699, 700 (1992) (noting that an issue not properly preserved by a § 974.02 motion is waived). If an issue is raised in the § 974.02 motion but relief is denied by the trial court, the defendant then may appeal to the Court of Appeals of Wisconsin.

After the times for filing postconviction motions under § 974.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat. § 974.06. Any such collateral challenge follows the same procedural path as the direct appeal. The initial filing is made by motion in the trial court and subsequent appeals, if any, are made in the appellate courts. Motions under § 974.06 are limited to jurisdictional and constitutional issues. Procedural errors are not

viable claims at this point. *See State v. Carter*, 131 Wis. 2d 69, 389 N.W.2d 1, 5 (1986). Section 974.06(4) further limits the claims that may be raised collaterally:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4). The Wisconsin Supreme Court has interpreted § 974.06(4) to exclude all issues that were or could have been raised in a § 974.02 postconviction motion or appeal, including constitutional issues, unless the defendant provides "sufficient reason" for not raising the issues in that earlier proceeding. *See State v. Escalona–Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157, 162 (1994).

Buchanan did not pursue a direct appeal or a motion for post-conviction relief in compliance with Wisconsin procedures. (Dkt. #7.) Instead, Buchanan chose to "appeal" his conviction by filing a petition for a supervisory writ with the Wisconsin Supreme Court, which summarily denied review. (*Id*. at ¶¶ 9, 11.) The Wisconsin Supreme Court has authority to issue a supervisory writ under Article VII, § 3 of the Wisconsin Constitution, which provides that "[t]he supreme court shall have superintending and administrative authority over all courts." A party seeking the issuance of a supervisory writ must establish four factors: (1) a circuit court had a plain duty and either acted or intends to act in violation of that duty; (2) "an appeal is an inadequate remedy;" (3) "grave hardship or irreparable harm will result;" and (4) the party requested relief "promptly and speedily." *State ex rel. CityDeck Landing LLC v. Circuit Court for Brown Cnty.*, 2019 WI 15, ¶ 30, 385

6

Wis. 2d 516, 540, 922 N.W.2d 832 (citations omitted). "A petition for supervisory writ is not a substitute for an appeal." *State ex rel. Warren v. Meisner*, 2020 WI 55, ¶ 13, 392 Wis. 2d 1, 944 N.W.2d 588; *see also State ex rel. Dressler v. Circuit Court for Racine Cnty., Branch 1*, 163 Wis. 2d 622, 630, 472 N.W.2d 532, 536 (1991) (same). Thus, Buchanan did not present his claims to the Wisconsin courts in a procedurally proper manner, and he did not give the state courts a fair opportunity to address his claims for relief.

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, a federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Because Buchanan did not exhaust state court remedies as required and there may be some avenues remaining, the court will dismiss the petition without prejudice to allow him to return to state court.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court

7

was correct in its procedural ruling." *Slack*, 529 U.S. at 484. After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its ruling debatable or wrong. Therefore, a certificate of appealability will be denied.

### ORDER

IT IS ORDERED that:

1) The amended federal habeas corpus petition filed by Terrence Buchanan (dkt. #7) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

2) Petitioner's motion to enlarge the time to file his amended petition (dkt. #9) and his motion for relief from the court's September 30, 2024 order granting him leave to proceed in forma pauperis (dkt. #10) are DENIED as moot.

3) A certificate of appealability is DENIED.

4) The clerk of court is directed to close this case.

Entered this 23rd day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge